UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CRIMINAL NO. 3:19-CR-0146-B |
| | § | |
| LEAH HAGEN (1) and MICHAEL HAGEN (2), | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is the Government's Motion to Exclude Witnesses and Exhibits Regarding an Advice of Counsel Defense or a Good Faith Defense in Reliance on Advice of Counsel (Doc. 176). The motion is **DENIED** in part. In particular, the Court will permit Defendants Leah and Michael Hagen to call as witnesses four former attorneys of co-conspirator Herb Kimble and to present evidence of Kimble's attorney-client communications, if admissible. The Court, however, **DEFERS** ruling on whether it will permit the Hagens to call one of their own former attorneys to testify regarding healthcare regulations.

The gravamen of the dispute is a novel one. The issue is whether a good-faith defense premised on legal advice received by a non-defendant co-conspirator, and relayed to the criminal defendant, constitutes an advice-of-counsel defense. It appears this question has not been addressed before. For the reasons that follow, this Court finds that a good-faith defense premised on legal advice received by another person and passed along to the defendant—*i.e.*, derivative advice of counsel—is not an advice-of-counsel defense. Rather, the defense sounds in good faith.

- 1 -

I.

BACKGROUND

This is a healthcare fraud case. In short, the Government alleges that the Hagens, who owned durable medical equipment businesses, conspired with Kimble, who owned companies that operated international call centers, to defraud Medicare. Doc. 50, Superseding Indictment, 1. According to the Government, the Hagens paid Kimble for completed, signed prescriptions for durable medical equipment and other Medicare-required documents and subsequently billed Medicare for the services purportedly provided to Medicare beneficiaries. *Id.* at 7. This case is set for trial June 28, 2021. Doc. 184, Order, 1.

By order dated June 24, 2020, the Court ordered the Hagens to provide notice of their intent to assert an advice-of-counsel defense "or any good-faith defense that in any way relates to advice of counsel[.]" Doc. 98, Order, 1. The Hagens timely indicated that they do not intend to raise such a defense. Doc. 103, Notice, 1.

By the motion at hand, the Government seeks exclusion of the testimony of attorneys: (1) Joshua Skora, (2) Juliet McBride, (3) Seth Lundy, and (4) Tracy Weir, all former counsel of Kimble, as well as (5) Richard Cheng, former counsel for the Hagens. Doc. 176, Gov't's Mot., 2, 6. The Government also seeks exclusion of defense exhibits 148 through 393, which contain Kimble's attorney-client communications. *Id.* at 3, 6. The Government contends that the only plausible need for these witnesses and exhibits is to raise an advice-of-counsel defense, or a defense based on good-faith reliance on legal advice, and the time to assert such a defense has passed. *Id.* at 3–4. The Hagens maintain that they do not intend to raise an advice-of-counsel defense, and they dispute that the witnesses and exhibits at issue support this defense. Doc. 177, Defs.' Resp., 6. In fact, the Hagens

appear to agree with the Government that because the witnesses (mostly) are attorneys to Kimble, and the exhibits are communications between Kimble and his attorneys, there is no advice-of-counsel defense available to the *Hagens* premised on this evidence. *Id.*[1]

The Court heard argument on the Government's motion at a hearing held on June 2, 2021. At the hearing, the Government asserted that it matters not to whom the legal advice was directed—if the Hagens raise a defense that is at all premised on legal advice, it is an advice-of-counsel defense. On the other hand, the Hagens posited at the June 2 hearing that a good-faith defense is distinct from an advice-of-counsel defense, which strictly applies to a defense premised on legal advice received by the criminal defendant him or herself.

The Court stated at the hearing that it agreed with the Hagens and denied the Government's motion. This Order further explains the Court's reasoning.

## II.

## LEGAL STANDARDS

"Strictly speaking, good faith reliance on advice of counsel is not really a defense to an allegation . . . but is the basis for a jury instruction on whether or not the defendant possessed the requisite specific intent." *United States v. Pettigrew*, 77 F.3d 1500, 1520 (5th Cir. 1996) (quoting *United States v. Carr*, 740 F.2d 339, 346 n.11 (5th Cir. 1984)). "Reliance on counsel's advice excuses a criminal act only to the extent it negates willfulness and to negate willfulness counsel's advice must create (or perpetuate) an honest misunderstanding of one's legal duties." *United States v. Mathes*, 151

---

[1] Indeed, the Government points out that none of Kimble's attorney-client emails were sent directly to the Hagens, and only two—both irrelevant to the issue of advice-of-counsel—were forwarded to the Hagens. Doc. 176, Gov't's Mot., 3 & n.1.

F.3d 251, 255 (5th Cir. 1998) (citation omitted). The elements of an advice-of-counsel defense are: (1) "the advice was sought and received before taking [the allegedly criminal] action"; (2) the defendant "sought the advice of a professional" in good faith; (3) with the purpose of determining whether the conduct was lawful; (4) the professional was apprised of all material facts which the defendant knew; and (5) the defendant "acted strictly in accordance with the advice of the professional[.]" *United States v. Dallmann*, 433 F. Supp. 3d 804, 810 (E.D. Va. 2020) (citation omitted).

Courts have discretion to order pretrial notice of an advice-of-counsel defense because such defense waives attorney-client privilege and warrants disclosing previously privileged documents to the Government. *See id.* at 813–14. Lack of pretrial disclosure of such defense thus could cause delay at trial. *Id.* Meanwhile, a good-faith defense is based on a "lack of knowledge of wrongdoing" and an absence of intent to participate in the offense; it does not require advice of counsel. *United States v. Newell*, 315 F.3d 510, 525 (5th Cir. 2002).

## III.

## ANALYSIS

First, the Court notes that the Hagens still maintain that they do not intend to raise a defense premised upon any legal advice they have received from their counsel. And to the extent the Hagens will call their former counsel to testify, it is not regarding legal advice he gave the Hagens. Second, there is no indication that the Hagens received legal advice from any of Kimble's lawyers, and, as the parties have pointed out, the Hagens were not party to Kimble's email exchanges with his lawyers. Thus, there is no indication that the Hagens intend to renege on the notice they have already provided. However, as discussed at the June 2 hearing, we cannot be sure.

To the extent, however, the Hagens will attempt to make out a good-faith defense—or otherwise support their case—with legal advice received by *Kimble* and Kimble's subsequent assurances to the Hagens that their conduct was above-board, the Court will permit them to do so. The Court finds that this derivative advice of counsel does not constitute a true advice-of-counsel defense.

Neither the Court nor the parties have found case law on point for the particular issue of whether a defense premised on legal advice received by a person other than the criminal defendant constitutes an advice-of-counsel defense warranting pretrial notice and disclosure of materials. However, the rationale for requiring pretrial notice of an advice-of-counsel defense is instructive:

> An advice-of-counsel defense is complex and may raise issues requiring additional briefing before trial. Specifically, the assertion of an advice-of-counsel defense may impact the scope of discovery otherwise permitted, namely the waiver of the attorney-client privilege over certain communications and/or documents related to the advice. The complexity of the defense and the potential for discovery of otherwise privileged documents weigh heavily in favor of a pretrial notice and discovery requirement to avoid unnecessary delays during trial. Accordingly, it is appropriate to require the defendants . . . to provide notice and discovery should any defendant wish to assert an advice-of-counsel defense.

*Dallman*, 433 F. Supp. 3d at 812–13 (citations omitted).

Because the rationale behind pretrial disclosure of an advice-of-counsel defense is to permit the Government's discovery of previously privileged materials from the defendant, it stands to reason that the defense does not contemplate the instant scenario. Indeed, although an alleged co-conspirator, Kimble is not a defendant in this matter. Kimble is not a person about whom the Government would ordinarily be entitled to discovery. Thus, his own waiver of his own attorney-client privilege is not relevant. But in any event, at the June 2 hearing, the Government conceded that Kimble *has* fully waived his attorney-client privilege as to the Government in this case *except*

with regard to legal advice that Kimble's current lawyers have given him concerning the Government's pending criminal investigation into Kimble. Indeed, by all accounts, Kimble is cooperating with the Government. There is no indication that there is information about Kimble—previously privileged or otherwise—to which the Government does not already have access.

Additionally, it is clear that "[f]or [the advice-of-counsel] defense to be permitted, . . . there must be at least some evidence that the attorney advised the defendant *as his counsel.*" *United States v. Carr*, 740 F.2d 339, 347 (5th Cir. 1984) (emphasis added) (citation omitted). Thus, the Court will not create a derivative advice-of-counsel defense where one cannot exist.

At the June 2 hearing, the Government raised an alternative argument. It argued that by raising a good-faith defense based on derivative advice of counsel, the Hagens necessarily implicate direct advice of counsel. The Government explained that evidence of such derivative advice raises the question as to whether the Hagens confirmed the derivative advice with their own attorneys—whether they "ran it by" their own counsel, so to speak. This argument is speculative, at best. And the Court does not agree with the Government that derivative advice necessarily puts at issue direct, personal advice from the Hagens' own counsel.

Given that the rationale for pretrial disclosure of an advice-of-counsel defense suggests that such defense is inapplicable to these facts, and given that the nature of the defense does not appear to permit an advice-of-counsel defense on these facts in any event, the Court finds that the Hagens do not impermissibly raise an advice-of-counsel defense by calling Kimble's lawyers to testify and by introducing Kimble's communications with them.

This finding does not contradict the Court's June 24 Order requiring pretrial disclosure of an advice-of-counsel defense or "any good-faith defense that in any way relates to advice of counsel."

Doc. 98, Order, 1. While the Government maintains this directive is broad enough to encompass the proposed evidence, it is not.

The Court simply was not contemplating derivative advice of counsel or the facts presented here when it issued the June 24 Order. In fact, review of the transcript of the hearing that preceded the June 24 Order reveals that the parties were not, either. Doc. 99, Tr., 10 ("[The Government]: . . . And I think when we're talking about advice-of-counsel disclosures and discovery, . . . it could result in having, for example, to interview an attorney who may be a witness *but is a member of the same firm as defense counsel.*" (emphasis added)); *id.* at 12 (the Government discussing that if an advice-of-counsel defense is raised, the Government should be entitled to review documents related to the Hagens "that were withheld from the prosecution team as being potentially privileged"); *id.* at 13 (the Government discussing that the Hagens may raise "good faith as a defense" "based on any legal advice *that they received*" (emphasis added)); *id.* at 35 ("The Court: . . . I'm talking about the good faith defense as it relates to advice-of-counsel."). The instant circumstances simply do not fall within the Court's directive for pretrial notice and disclosure.

However, the Hagens do not describe the *specific* content of the testimony they expect from Kimble's lawyers, and the Court is not sure at this juncture that such testimony will not implicate direct advice received by the Hagens. Thus, in an abundance of caution, and to prevent delay at trial, the Court orders certain pretrial disclosures to be made at this time, to be discussed in Part IV, *infra.*

Finally, the Court addresses a collateral issue raised by the motion. As noted above, the Government's motion also seeks exclusion of testimony by Cheng, the Hagens' former counsel. *See* Doc. 176, Gov't's Mot., 2–3. The Hagens' witness list states that Cheng "[m]ay testify regarding healthcare regulations[.]" Doc. 135, Defs.' Witness List, 3. The Government asserts that this would

constitute expert testimony, and the Hagens "have not noticed [their] intent to call expert testimony." Doc. 176, Gov't's Mot., 3. However, the Hagens pointed out at the June 2 hearing that they intend to call Cheng only as necessary to respond to testimony by a Government witness regarding healthcare regulations. Likewise, the Government has not noticed its intent to call an expert. Thus, the Court **DEFERS** ruling on this issue. If the Government elicits testimony regarding healthcare regulations from a lay witness, the Court may permit the Hagens to do so as well.

## IV.

## CONCLUSION

In sum, the Government's Motion to Exclude Witnesses and Exhibits Regarding an Advice of Counsel Defense or a Good Faith Defense in Reliance on Advice of Counsel (Doc. 176) is **DENIED** in part. In particular, the Court will permit the Hagens to call as witnesses attorneys Joshua Skora, Juliet McBride, Seth Lundy, and Tracy Weir. It will further permit the Hagens to present defense exhibits 148–393. The Court, however, **DEFERS** ruling on whether it will permit the Hagens to call attorney Richard Cheng.

The Court recognizes that in holding that the Hagens do not impermissibly raise an advice-of-counsel defense, there is no pretrial notice or disclosure issue triggered. However, in order to ensure there will be no delay at trial, the Court further **ORDERS** the Hagens to disclose to the Government, on or before **Friday, June 4, 2021 at 12:00 p.m.**, the following, if it exists: any and all items that evidence that the Hagens, at any time *prior to the filing of the original indictment*, personally received direct advice from any attorney regarding the legality of the alleged criminal operation underlying this case, *except* any advice received from current counsel. These disclosures shall be filed **under seal** on the docket.

SO ORDERED.

SIGNED: June 3, 2021.

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE